Case 5:08-cv-01144-CLS   Document 16   Filed 09/04/08   Page 1 of 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| TECVOX OEM, LLC, FINANCE, INC., ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Civil Action No. 08-S-1144-NE |
| AAF ELECTRONIQUE S.C.S., *et al.*, ) ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

This action is before the court on plaintiff's motion to amend its complaint.[1] Plaintiff requests leave to amend the complaint to correctly name defendant Wisi Automotive Group GmbH & Co. Kg, an entity that plaintiff incorrectly named as Wisi Automotive Group in the original complaint.[2] Plaintiff also requests leave to amend the complaint to add a claim that defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").[3] This claim is based on plaintiff's assertion that, after it filed the complaint, "Rupert Vielhaber, as agent of [defendants], contacted [plaintiff's] customer directly, on behalf of [defendants], regarding [defendants'] attempts to collect money from [plaintiff] pursuant to the

---

[1] *See* doc. no. 8.

[2] *Id*. at ¶ 2.  *See also* doc. no. 1 (Notice of Removal).

[3] *See* doc. no. 8 at ¶¶ 4-5.

Supply Agreement."[4]

Plaintiff asserts that discovery has not begun in this case, and that there is no prejudice to defendants in allowing plaintiff to amend its complaint at this time.[5] Further,

> [t]he Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial:
>
> > In the absence of any apparent or declared reason — such as *undue delay*, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of amendment*, etc. — the leave sought should, as the rules require, be freely given.

*Spanish Broadcasting System of Fla., Inc., v. Clear Channel Communications, Inc.,* 376 F.3d 1065, 1077 (11th Cir. 2004) (quoting *Forman v. Davis,* 371 U.S. 178, 182 (1962)) (emphasis supplied).

In response, defendants assert that plaintiff's motion to amend its complaint should be denied because, they say, the FDCPA does not apply to this case.[6] Accordingly, defendants contend that plaintiff's proposed amendment would be an act of "futility," because the proposed claim cannot survive a motion to dismiss.[7]  An

---

[4] Doc. no. 8, Exhibit A (Amended Complaint), at ¶ 29.

[5] *See* doc. no. 8 at ¶ 6.

[6] *See* doc. no. 9.

[7] *Id*. at page 3.

amendment is futile if the pleading, as amended, would still be "'subject to dismissal.'" *Hall v. United Insurance Co. of America,* 367 F.3d 1255, 1263 (11th Cir. 2004) (quoting *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999)). "Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Defendants assert that the FDCPA does not apply to this case because, they say, the amended complaint centers on a disputed debt that arises from a commercial debt, and that the FDCPA only applies to *consumer* debts.[8] Defendants further argue that the FDCPA applies only to "debt collectors" as defined in § 1692(a)(6), and that there is no allegation that any of the defendants are debt collectors under the statute.[9] Plaintiff's reply to defendants' response neither asserts that the alleged obligation at issue is a consumer debt nor asserts that the FDCPA may apply to commercial debts.[10]

In *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998), the Eleventh Circuit held that the statutory language of the FDCPA limits its application "to debts arising from consumer transactions." (citing 15 U.S.C. § 1692a; *Shorts v. Palmer*, 155 F.R.D. 172, 174 (S.D. Ohio 1994); *Battye v. Child Support Servs., Inc.*,

---

[8] *See* doc. no. 9 at page 3.

[9] *Id.*

[10] *See* doc. no. 10.

873 F. Supp. 103, 105 (N.D. Ill. 1994)).  That court noted that  § 1692a(5) of the FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment." *See id*.  In the instant case, plaintiff's alleged obligation to defendants, upon which plaintiff's FDCPA claim is based, clearly does not arise out of a consumer transaction.  The proposed amended complaint identifies plaintiff as an Alabama Limited Liability Company, and it alleges that the supply agreement between the parties was for assembly of iPod interface cables that plaintiff would later supply to another company.[11]  Consequently, this court finds that plaintiff's proposed amendment to add a claim that defendants have violated the FDCPA would be unable to withstand a motion to dismiss and, therefore, is futile.

Plaintiff's motion to amend complaint is GRANTED in part and DENIED in part.  The motion is granted insofar as plaintiff seeks to amend its complaint to correctly name defendant Wisi Automotive Group GmbH & Co. Kg.  The motion is denied insofar as plaintiff seeks to add a claim asserting a violation of the FDCPA.

---

[11] *See* doc. no. 8, Exhibit A (Amended Complaint) at ¶¶ 6 and 14-15.

DONE and ORDERED this 4th day of September, 2008.

_____
United States District Judge